**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CALEB MALIK BEYAH, | : | |
| | : | Civil Action No. 08-5220 (AET) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY STATE PAROLE BOARD, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Plaintiff pro se
Caleb Malik Beyah
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**THOMPSON,** District Judge

   Plaintiff Caleb Malik Beyah, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

   At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that the Defendant New Jersey State Parole Board denied him parole "without legal justification." He asserts that he should have been granted parole based upon his mental and spiritual changes.

Plaintiff does not state what type of relief he seeks.[1] The Court construes the Complaint as seeking all appropriate relief.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

---

[1] The Complaint as submitted utilizes a form to be used by a prisoner in filing a civil rights complaint. The Complaint does not include the last page of that form, which includes spaces for the plaintiff to indicate the requested relief and for signature.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

>    injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   ANALYSIS

A.   The Eleventh Amendment

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).

Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

For the foregoing reasons, all claims against the New Jersey State Parole Board must be dismissed with prejudice.

B.   The Challenge to the Parole Decision

There is no federal constitutional right to parole; states, however, may create a parole entitlement protected by the Due Process Clause.  See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  See also Board of

5

Pardons v. Allen, 482 U.S. 369 (1987); Prevard v. Fauver, 47 F.Supp.2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999).

Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections.  See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Board v. Byrne, 93 N.J. 192, 203 (1983).  Judge Lifland of this Court has held that these cases remain good law even after taking into account the rule announced by the Supreme Court in Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted), that liberty interests created by state law "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  See Watson v. DiSabato, 933 F.Supp. 390, 392-93 (D.N.J. 1996) (prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response).

The question remains whether an allegation of constitutional violations in parole proceedings is the proper subject for an action under § 1983.

6

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for

> other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

More recently, in <u>Edwards v. Balisok</u>, 510 U.S. 641 (1997), the Supreme Court applied the lessons of <u>Preiser</u> and <u>Heck</u> to a state prisoner action, seeking compensatory and punitive damages,

8

challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment. 520 U.S. at 646-8.

In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court summarized the evolution of its jurisprudence thus:

> Throughout the legal journey from Preiser to Balisok, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. ... These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson, 544 U.S. at 81-82 (emphasis in original).

Thus, for example, when a dispute "goes only to the manner in which the Board has considered plaintiff's parole, and [when] plaintiff does not claim that the review process must actually lead to his parole or to an earlier parole eligibility date, plaintiff's claim may proceed under 42 U.S.C. § 1983." Johnson

9

v. Fauver, 786 F.Supp. 442, 445 (D.N.J.) (emphasis added), aff'd, 970 F.2d 899 (3d Cir. 1992); see also Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985), cert. denied, 475 U.S. 1028 (1986) (suit properly brought under § 1983 when it sought only the equal application of statutory furlough eligibility criteria, not plaintiff's release from incarceration); Salaam v. Consovoy, No. 99-cv-5692, 2000 WL 33679670, *2 (D.N.J. April 14, 2000) (a claim properly may be brought as a § 1983 action when the plaintiff is neither seeking an earlier parole eligibility date, nor challenging the parole board's calculation of his eligibility date).

Here, Plaintiff challenges the lawfulness of the decision denying him parole; he does not challenge the manner in which the Parole Board considered him for parole. To the extent Plaintiff seeks damages or declaratory relief for allegedly unlawful confinement, a determination that would necessarily imply the invalidity of his current custody, his claim is precisely the type of claim barred by the Preiser/Heck/Balisok line of cases. Accordingly, the claim is premature until such time as the parole decision has been invalidated through habeas or otherwise.

Moreover, to the extent Plaintiff seeks immediate release, that claim must be brought as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, following exhaustion of state remedies. Because of the negative consequences that flow

10

from the filing of such a petition, this Court declines to construe the Complaint as a habeas petition.

For the foregoing reasons, the Complaint must be dismissed without prejudice, without regard to any immunity of the defendant. Accordingly, it does not appear that Plaintiff could cure the defects in the Complaint by amendment at this time.

This Court expresses no opinion as to the merits of Plaintiff's claim.

## V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[2] An appropriate order follows.

    s/ Anne E. Thompson
    Anne E. Thompson
    United States District Judge

Dated: March 27, 2009

---

[2] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this instance, the dismissal is meant to finally resolve this matter.